UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CORAL V. MAHER** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 06-10010** |
| **INSURANCE UNDERWRITERS, LTD., ET AL.** | * | **SECTION "L" (3)** |

### ORDER & REASONS

Before the Court is the Defendant Insurance Underwriters, Ltd.'s Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 20). For the following reasons, Insurance Underwriters' motion is now DENIED.

**I.   BACKGROUND**

This case arises from a dispute regarding insurance coverage for the plaintiff Coral V. Maher's property located at 6100 Marshall Foch Street in New Orleans, Louisiana, which suffered damage as a result of Hurricane Katrina. On November 16, 2006, Maher filed suit in this Court against her insurance agent, Insurance Underwriters, Ltd., her flood insurance carrier, Fidelity National Insurance Company, and her homeowner's insurance carrier, American National Property and Casualty Insurance Company.[1] Maher's flood insurance policy was issued pursuant to the National Flood Insurance Program ("NFIP").[2]

---

[1] Maher has also sought to name Insurance Underwriters' errors and omissions insurance carrier, and for the time being has referred to this entity as ABC Insurance Company.

[2] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

Maher's claims against American National Property and Casualty Company under her homeowner's policy are not implicated in the instant motion. Similarly, Maher's claims against Fidelity under her flood policy are also not implicated in the instant motion. Instead, it is her remaining claims against Insurance Underwriters that are the subject of the instant motion. Maher alleges that on August 9, 2005, she contacted Insurance Underwriters and requested an increase in her flood insurance coverage from $101,500 in dwelling and $10,000 in contents to $134,000 in dwelling in $20,000 in contents. Moreover, Maher contends that Insurance Underwriters informed her that the new coverage limits would take effect immediately. However, following Hurricane Katrina, Fidelity refused to recognize the increases in coverage and only paid Maher her prior limits of $101,500 for dwelling and $10,000 for contents under her flood policy.[3] Maher alleges that Insurance Underwriters negligently failed to procure the requested increases in coverage and that she suffered uninsured losses as a result.

## II.     LAW & ANALYSIS

Insurance Underwriters moves to dismiss Maher's claims against it pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* for failure to state a claim. "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the

---

[3] To be precise, Maher alleges that Fidelity initially issued a $134,000 check for dwelling coverage and a $20,000 check for contents coverage, but later stopped payment on the dwelling check and re-issued a final check for $91,5000, so that the total amount paid by Fidelity under the flood policy totaled $111,500.

2

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)).

Relying upon *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380 (1947) and recent decisions of this Court, Insurance Underwriters argues that Maher is responsible for knowing the terms and conditions of her national flood policy.  It is true that Maher is charged with constructive knowledge of the provisions of the NFIP program, "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." *Merrill*, 332 U.S. at 385; *see also Larmann v. State Farm Ins. Co.*, No. 03-2993, 2005 WL 357191, at *4 (E.D. La. Feb. 11, 2005) ("[T]he insured has an additional outlet to which to turn to obtain information about the terms of the policy," namely the SFIP itself and federal statutes and regulations) (quoting *Richmond Printing L.L.C. v. Director FEMA*, 72 Fed. App'x 92 (5th Cir. 2003)).  Moreover, assuming that Maher satisfactorily completed all obligations for an increase in her existing flood insurance coverage on August 9, 2005, it is undisputed that these increases should not have taken effect until after Hurricane Katrina struck in light of the thirty-day waiting period imposed by the NFIP.  *See* 42 U.S.C. § 4013(c)(1) ("[A]ny modification to coverage under an existing flood insurance contract . . . shall become effective upon the expiration of the 30-day period beginning on the date that all obligations for such coverage (including completion of the application and payment of any initial premiums owed) are satisfactorily completed.").

However, in her opposition to the instant motion, Maher argues that her request was not limited to an increase of her existing flood coverage under the NFIP.  Rather, she contends that private flood insurance was available, perhaps without waiting periods, and that her sole request to Insurance Underwriters was to adequately insure her home.  Accordingly, at this early stage of

the litigation, and assuming that Maher's allegations are true, the Court concludes that Maher has plead "enough facts to state a claim to relief [against Insurance Underwriters] that is plausible on its face." *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007).[4]

## III.    CONCLUSION

For the foregoing reasons, IT IS ORDERED that Insurance Underwriters' Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 20) is DENIED.

New Orleans, Louisiana, this   14th   day of    January   , 2008.

_____
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that a separate factual discrepancy also contributes to this conclusion. In her complaint, Maher alleges that she spoke with Insurance Underwriters on August 9, 2005. However, attached to Maher's opposition brief is a declaration page for her flood policy dated August 29, 2005, which reflects her requested increases in coverage. *See* Rec. Doc. 22-2. Given the thirty-day waiting period under the NFIP, it is conceivable that Maher could have spoken with Insurance Underwriters prior to August 9, 2005, and that her reference to this date in her complaint may be in error.